IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-16-23-M |
| ) | |
| MATTHEW EDWARD HARMS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Withdraw Previously Entered Plea, filed May 18, 2016. On June 3, 2016, the government responded. On June 14, 2016, defendant filed his reply, and on June 24, 2016, the government filed its sur-reply. Also before the Court is Defendant Harms' Motion to Abate Forfeiture Proceedings and Other Post Plea Orders, filed May 12, 2015. Based on the parties' submissions, the Court makes its determination.

On April 15, 2016, defendant changed his plea and pled guilty to Count 2 of the Indictment, possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Defendant now moves to withdraw his guilty plea. Specifically, defendant contends that due to his previous counsel's advice, he did not knowingly enter his plea.

"Defendants do not have an absolute right to withdraw a guilty plea. Under Fed. R. Crim. P. 32(e), [i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. The burden is on the defendant to establish a fair and just reason for the withdrawal of the plea." *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (internal quotations and citations omitted). The Tenth Circuit has set forth the following seven factors a court should consider in determining whether a defendant has met his burden of proof: (1)

whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources. *Id.* at 749.[1]

Defendant contends that there is a fair and just reason for allowing him to withdraw his plea. Defendant contends that his previous counsel advised him that due to, at the time, no other judicial district sustaining a motion to suppress in similar cases as defendant's, he should accept the plea agreement offered to him.[2] Defendant asserts that he did not knowingly enter his plea

---

[1] The Court need not review the prejudice to the government, the timing of defendant's motion, the inconvenience to the Court, or the waste of judicial resources factors unless defendant establishes a fair and just reason for withdrawing his guilty plea. *United States v. Hamilton*, 510 F.3d 1209, 1217 (10th Cir. 2007).

[2] Defendant's previous counsel filed a motion to withdraw in this matter and in the motion advised the Court of the following:

> The undersigned was monitoring defense progress on motions to suppress evidence and motions to dismiss in similar cases in other districts.
>
> Mr. Harms meet [sic] with the undersigned on March 25, 2016. The undersigned advised Mr. Harms that to date no district had sustained a motion to suppress and motions to dismiss in a similar case. Although the time for filing motions had not expired, no motion to suppress evidence or motion to dismiss was filed. The undersigned advised Mr. Harms to accept the Plea Agreement and it was executed that day.
>
> \*    \*    \*    \*
>
> Five days after entering his plea of guilty, District Judge William G. Young in the District of Massachusetts sustained a Motion to Suppress Evidence on the exactly [sic] the same issues as should have been urged in Mr. Harms' case. *U.S. v. Levin*, 2016 WL 1589824 (D. Mass. April 20, 2016). Five days later, Magistrate Judge J. Cleary in the Northern District of Oklahoma entered a

2

and that he was bereft of the necessary information to have made such decision knowingly and thereby his plea was involuntary.³ The government contends that defendant has failed to meet his burden in establishing a fair and just reason for withdrawing his plea. Specifically, the government contends that defendant has (1) failed to assert his innocence; (2) his plea was knowing and voluntary; (3) his counsel was competent and not ineffective; and (4) allowing defendant to withdraw his plea would prejudice the government, excuse a delayed filing, inconvenience the Court and waste judicial resources.

Having carefully reviewed the parties' submissions, the Court finds that defendant has met his burden of establishing a fair and just reason for withdrawing his plea. Specifically, the Court finds that based on defendant's prior counsel's admission of potential ineffective assistance of counsel and expression of doubt that defendant's plea was made knowingly and voluntary, the fact there was, contrary to the government's contention, no delay in filing

---

> Report and Recommendation recommending the defendant's Motion to Suppress be granted. *U.S. v. Arterbury*, No. 15-CR-182-JHP (N.D.OK April 25, 2016). On April 27, 2016, District Judge Carlos Murguia of the District of Kansas suppressed evidence in *United States v. Barber*, No. 15-40043-CM (D.KS. April 25, 2016). All three cases involved violations of FEDERAL RULE OF CRIMINAL PROCEDURE Rule 41. All three cases cited *U.S. v. Krieger*, 809 F.3d 1109 (10th Cir. 2015).
>
> The undersigned has advised Mr. Harms of this potential ineffective assistance of counsel and the issue of the knowingness and voluntariness of his plea.

Paul Antonio Lacy's Motion to Withdraw as Attorney of Record and Appoint Substitute Counsel [docket no. 28] at ¶¶ 5-6 & 8-9.

³ In his reply brief, defendant further asserts that his decision to plea was not knowing and voluntary because the government committed a *Brady* violation by failing to provide discovery in this matter. *See Brady v. Maryland*, 373 U.S. 83 (1963). Since defendant did not make this assertion in his motion and accompanying brief, the Court will not address any allegations of a *Brady* violation at this time.

defendant's motion to withdraw his plea, and the fact there is virtually no inconvenience to the Court or waste of judicial resources, outside of conducting, defendant's change of plea hearing, defendant should be allowed to withdraw his plea. The Court acknowledges the government's contention that defendant never asserted his innocence and that it may be prejudiced due to other defendants in similar cases wanting to withdraw their pleas; however, the Court finds those factors do not weigh more heavily against defendant withdrawing his plea as the other factors stated above weigh in favor of defendant withdrawing his plea. Therefore, defendant should be allowed to withdraw his plea.

Accordingly, for the reasons set forth above, the Court GRANTS Defendant's Motion to Withdraw Previously Entered Plea [docket no. 34]. Further, in light of the Court's ruling on defendant's motion to withdraw plea, the Court GRANTS Defendant Harms' Motion to Abate Forfeiture Proceedings and Other Post Plea Orders [docket no. 33] and HOLDS in abeyance all Orders of this Court entered from the time defendant changed his plea until further order from this Court.

**IT IS SO ORDERED this 1st day of July, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE